55 377
e69 398

## BENNETT v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY.

A policy declared in explicit terms that it should be void if the assured had at the time any other policy on the premises. To a count stating this stipulation the plaintiff replied that the defendant, the insurer, knew when it issued its policy of the existence of an antecedent insurance. *Held,* that this replication was bad, as it was an attempt to alter the written contract by parol.

On contract. On demurrer to replication.

The facts appear fully in the opinion.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Halsted H. Wainright.*

For the defendant, *Elijah S. Cowles.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. An issue of law is here presented for solution.

The suit is on a policy of fire insurance, the declaration being in the usual form. To the cause of action thus laid the defendant, in its second plea, defends on the gound that the policy declared on was subject to a certain condition, to wit, that "this entire policy, unless otherwise provided by agreement endorsed thereon, or added hereto, shall be void if the insured *now has,* or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property," &c. This statement is followed by an averment "that at the time said policy was made" the plaintiff held another policy on the property. In answer to this the plaintiff, in substance, stated that at the time the policy was made and the premium paid the defendant had notice and knew of the antecedent

insurance indicated in the plea, and with this knowledge issued the policy sued on. The demurrer before us is to this replication.

In looking over the arguments urged in the brief of the counsel of the plaintiff in support of the replication here challenged, it is obvious that they all proceed on the theory that the written contract embodied in this policy can be altered by parol testimony coincident with its inception. The written agreement declares that the policy shall be void in case the assured has any existing insurance on the property. This stipulation is neither obscure nor uncertain, and yet it is now urged that the court should circumscribe its expressed force. This contention is based on the idea that neither of the parties could have intended that the policy should be void by reason of the existence of an insurance that was then known to both of them. But the conclusive answer to this is that such is their agreement so plainly expressed that a doubt upon the subject would be absurd. It is true that the stipulation is so unreasonable that if the language were at all ambiguous or uncertain, or were it inconsistent with any part of the context; a court might well struggle to eliminate it by construction. But a contract clearly expressed in writing must be enforced in a court of law according to its terms, and this without reference to the real but unexpressed intentions of the parties to it. If it is, in any respect, to be modified, resort must be had to a court of equity.

Nor is there any question of fraud or waiver in the case. The replication itself shows that all the facts were within the knowledge of both parties, and there is no suggestion, even, that any act was subsequently done by the defendant that could be construed into an implied remission of any term of this policy.

The defendant is entitled to judgment on this demurrer, with leave, &c.